SWIFT, Judge.
The plaintiffs, Walter M. Clement, Columbus F. Clement, James T. Clement, Joseph F. Clement and Elvie M. Clement Hopkins filed this suit against the defendants, Marion Corporation and Cypher Properties, Inc., seeking to recover damages allegedly resulting from drilling operations on their land. The trial court granted judgment in favor of the Clements and against the defendants for the sum of $5,117.00. The Clements appeal, seeking an increase in the award. We affirm.
The Clements are the owners in indivisión of a thirty-six acre tract of land in Acadia Parish, Louisiana which was leased for the purposes of oil and gas exploration by the defendant, Cypher Properties. In 1977, the defendant Marion Oil Corporation, the operator of the lease, drilled a well on the tract. The well, being a dry hole, was plugged and abandoned on October 18, 1977. The lease contained the following provision:
“In the event that operations are conducted on the land herein leased, Lessee shall within ninety (90) days after cessation of such operations, fill all pits and restore the land to its original condition as near as practicable.”
In an attempt to restore the land to its original condition, the defendants performed clean-up operations on two or three occasions in 1978. The plaintiffs, unsatisfied therewith, instituted this suit. The trial court awarded the plaintiffs $2,000.00 for the purpose of additional cleaning of the property, $257.00 for the cost of repairing a fence and $2,860.00 for the loss of timber, a total of $5,117.00.
The Clements contend that the trial court erred in awarding only $2,000.00 for the cost of restoring the property to its original condition. The trier of fact is vested with “much discretion” in determining an award. LSA-C.C. Art. 1934(3). Before a Court of Appeal may disturb an award by a trial court, the record must clearly reveal that the trier of fact abused its discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Only after a review of the *132 facts and circumstances peculiar to the case at hand may a reviewing court determine an award made by the trier of fact is inadequate or excessive. Reck v. Stevens, 373 So.2d 498 (La.1979).
As pointed out above, the duty of the defendants was to “restore the land to its original condition as near as practicable.” The original condition of the land was partly pine forest and partly cypress low land. After the drilling operation and clean-up effort, the land was relatively level, however, some levees and fallen timber remained. In their clean-up efforts, the defendants expended over $17,000.00. The defendants’ expert testified that it would cost between $1,000.00 and $1,500.00 to complete the clean-up operation. The plaintiffs’ expert testified that it would require $2,900.00 to complete the clean-up operation.
From our review of the record we are unable to say that the trial court’s award of $2,000.00 for the completion of the clean-up operations on the property was an abuse of its discretion.
The Clements also argue that the trial court’s award did not include any sums to restore the property to its original slope and grades, for restoration of its fertility and crop productivity and as damages for the defendants’ failure to complete the clean-up work within 90 days after cessation of operations as required by the mineral lease. The judge determined that the land could be practicably restored to its original condition and awarded the amount he found was necessary to do so. The testimony of the experts as to the best future use of the land was conflicting and the trier of fact evidently concluded that the plaintiffs had failed to establish with the required degree of certainty that they have or will sustain any losses in these respects.
The plaintiffs’ property was wooded land and no agricultural crop has ever been grown thereon. Just how productive the approximately 3.23 acre well site will be, or would have been if the well had never been drilled, is highly speculative. And in the latter case it is obvious that considerable expense would necessarily be incurred to convert such timberland to profitable agricultural use. It was not shown what loss, if any, the plaintiffs sustained through the delay in the clean-up operations.
Before a factual determination of a trial court can be disturbed, an appellate court must find that the record indicates the trier of fact was manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We are unable to find that the trial court was clearly wrong in concluding the plaintiffs failed to prove their claims for such additional damages.
We conclude, as did the trial judge, that payment for the timber destroyed, the fence damages and to restore the land as near as practicable to its original condition fulfilled the defendants’ obligations under the lease.
For the foregoing reasons, the judgment of the district court is affirmed. All court costs are taxed to the plaintiffs-appellants.
AFFIRMED.